# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:16 CR 137-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LEIGHSA BRADLEY LEWIS. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on August 11, 2017. It appearing to the Court at the call of this matter on for hearing the Defendant was present with her attorney, Sean Devereux and the Government was present and represented through AUSA John Pritchard. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On November 15, 2016 a bill of indictment (#1) was issued charging the Defendant with conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B) and 846. On August 11, 2017, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the Defendant to that charge. At the close of the Rule 11 proceeding, the Court presented the issue of whether or not Defendant should

1

now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.**   18 U.S.C. § 3143(a)(2) provides as follows:

(2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has now entered a plea of guilty to conspiracy to violate 21 U.S.C. § 841(b)(1)(B).  That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C).  The undersigned made an inquiry of AUSA John Pritchard as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant.  Mr. Pritchard advised the Court that such a recommendation could not be made in this matter.  The undersigned cannot find there is a likelihood that a motion for acquittal or new trial will be granted due to the fact the Defendant has now entered a plea of guilty.

It would appear, and the Court is of the opinion that the Court is required by

law to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

Defendant's counsel made an oral motion that Defendant continue to be released on terms and conditions of presentence release, pursuant to what Defendant contends are exceptional circumstances as set forth in 18 U.S.C. § 3145(c). Mr. Devereux had filed an Unopposed Motion to Hold Open at Docket Call (#51) on August 4, 2017. In that motion, Mr. Devereux advised the Court that Defendant had been admitted to Memorial Mission Hospital on August 3, 2017 where Defendant had underwent emergency gall bladder surgery. Mr. Devereux advised the undersigned that Defendant was continuing to recover from her surgery and requested that the undersigned allow her a period of time to remain on what would now be presentence release so the Defendant could recover from the surgery.

**Discussion**: 18 U.S.C. § 3145(c) provides, in part, as follows:

**(c) Appeal from a release or detention order.**---

An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Motions for release, pursuant to 18 U.S.C. § 3145(c), have been referred to the undersigned for determination. As guidance in making the determination, the undersigned has reviewed United States v.Vilaiphone, 2009 WL 412958 (2009 W.D.N.C.) where United States District Judge Martin Reidinger defined what is meant by "exceptional reasons".

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not

4

meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

Applying "exceptional reasons" to the circumstances which now face this Defendant, the undersigned finds that the physical condition of Defendant and her recovery from recent surgery is "clearly out of the ordinary, uncommon, or rare." The undersigned will allow Defendant to be released until August 25, 2017 so she can continue to recover and at that time will conduct further hearings in regard to the release of Defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the oral motion of Defendant's counsel for Defendant's continued release is **ALLOWED** and the Defendant is to continue to be released on terms and conditions of now presentence release pending a hearing that is to take place on **August 25, 2017**.

Signed: August 25, 2017

_____
Dennis L. Howell
United States Magistrate Judge