IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CR 137

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| LEIGHSA BRADLEY LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came before the undersigned upon a Violation Report (#58) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared Defendant was present with her counsel, Sean Devereux, and the Government was present through AUSA Chris Hess. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, denied the allegation contained in the Violation Report. The government then presented testimony through United States Probation Officer, Jennifer Call.

The Defendant was charged in a bill of indictment filed on November 15, 2016 with conspiracy to distribute and possess with intent to distribute

methamphetamine, in violation of 2118 U.S.C. § 186 and with possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

On November 23, 2016, the undersigned entered an Order (#15) releasing Defendant on terms and conditions of pretrial release which included the following:

(1)  The defendant must not violate any federal, state or local law while on release;

(8)(p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

On August 10, 2017, Defendant admitted to Officer Call she had used methamphetamine on July 20, 2017. (Gov't Exhibit 1)

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

2

  (B) the person is unlikely to abide by any condition or combination of conditions of release.

  If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

  Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. The possession and consumption of methamphetamine is a misdemeanor under federal law, 21 U.S.C. § 844 and is a felony under state law, N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

  There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered her to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by using methamphetamine which is a drug which is not prescribed by a licensed medical practitioner.

  Due to the findings made above and further considering the presumption that

has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned, that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond (#16) and terms and conditions of pretrial release (#15) entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: September 6, 2017

Dennis L. Howell
United States Magistrate Judge